**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| ERIN ELIZABETH FINN, RIZZA ISLAM, SAYER JI, CHRISTIANE NORTHRUP, BEN TAPPER, AND SHERRI TENPENNY, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL ENGAGEMENT CENTER, ET AL., <br><br> Defendants. | Case No. 3:25-cv-00543-WWB-MCR |

**DEFENDANT ROBERT FLAHERTY'S REPLY IN SUPPORT OF HIS MOTION TO TRANSFER VENUE TO THE DISTRICT OF COLUMBIA PURSUANT TO 28 U.S.C. § 1404(a)**

**INTRODUCTION**

Pursuant to Local Rule 3.01(e), Defendant Robert Flaherty ("Mr. Flaherty") respectfully submits this reply in support of his Motion to Sever Claims and Transfer Venue (the "Motion") pursuant to 28 U.S.C. § 1404(a), filed on January 16, 2026. [Dkt. No. 123]. Plaintiffs' filed their Omnibus Response in Opposition (the "Opposition") to Mr. Flaherty's Motion on January 30, 2026. [Dkt. No. 145]. On February 11, 2026, the Court granted Mr. Flaherty's request to file a limited reply in support of his Motion to Sever Claims and Transfer Venue. [Dkt. No. 162].

Plaintiffs blithely ignore Mr. Flaherty's basic argument as to why transfer should be granted in this case: There is no justification for this case having been brought in the Middle District of Florida *in the first instance.* The case does not belong here; it should not be tried here; and Plaintiffs have not given the Court any good reason for keeping it

here as opposed to sending it somewhere else.

Plaintiffs' arguments for retaining this case in the Middle District of Florida do not address the core problem of whether this is the right place to litigate this case. They instead supply arguments that might apply to this case wherever it might have been brought, even if Plaintiffs had decided that Hawaii or Alaska or Maine were where the parties ought to be. In opposing transfer, they say: (1) Eleventh Circuit precedent allows the Court to override the forum selection clauses of the social media defendants in multi-defendant cases when severance would create significant inefficiencies and result in duplicative litigation; (2) the doctrine of *forum non conveniens* does not apply to all constitutional and statutory claims; and (3) as to Mr. Flaherty, he is properly joined because he is alleged to have worked *in concert* with the other defendants.

The point bears repeating: in their Opposition, Plaintiffs fail to provide any legal, factual, or logical basis that would support bringing this action in the Middle District of Florida in the first instance.

**ARGUMENT**

Plaintiffs do not seriously contend in their Opposition motion that the alleged "coordinated" censorship campaign by Mr. Flaherty and other Biden Administration officials, see Opposition at 14, was not significantly situated in Washington, D.C., even if alleged conduct occurred elsewhere. Yet Plaintiffs offer no response to the fundamental defect in their case—there is no jurisdictional basis or legitimate reason to hale Mr. Flaherty into the Middle District of Florida. Indeed, Plaintiffs do not challenge any of the factual averments in Mr. Flaherty's declaration in support of his motion [Dkt. No. 123-1] demonstrating his lack of contacts with this forum.

None of the cases cited by Plaintiffs, including *In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014) or the out-of-circuit precedent, *Bigland v. FCA N. Am. Holdings, LLC,* No. 19-11659, 2019 U.S. Dist. LEXIS 173399 (E.D. Mich. Oct. 7, 2019*)*, suggests that venue over numerous parties is appropriate in a federal judicial district in a state where there is no specific jurisdiction over the relevant facts, where none of the defendants reside, and where only two of the six plaintiffs reside. Plaintiffs rely on *Bigland* for the proposition that forum selection clauses may be overridden based on public interest factors. This reliance is misplaced as *Bigland* actually undermines Plaintiffs' argument. In *Bigland*, the court overrode the forum selection clause in part because the plaintiffs' forum had a compelling interest in the case as the plaintiffs' chosen forum was the "location of the operative facts giving rise to the instant dispute." *Bigland*, 2019 U.S. Dist. LEXIS 173399 at *19. Here, by contrast, the Middle District of Florida has no connection to and no compelling interest in the operative facts. Transfer to D.C., on the other hand, would place Mr. Flaherty's case in the proper forum in which the "operative facts giving rise to" the claims against Mr. Flaherty arose. And if, as Plaintiffs' argue, some of the claims they assert are not covered by the social media defendants' forum selection clauses, those claims certainly do not belong before this Court.

Plaintiffs argue that Mr. Flaherty is properly joined because their "claims against Government Officials are central to the case." Opposition at 14. This argument puts the cart before the horse. Mr. Flaherty's Motion does not contest that claims *could* be joined as a formal matter; rather, it argues that there is no proper venue for those claims in Florida in the first instance. The joinder case law Plaintiffs cite, *Smith v. Trans-*

3

*Siberian Orchestra,* 728 F. Supp. 2d 1315 (M.D. Fla. 2010), establishes a "logical relationship" test for joinder under Rule 20. But that case does not hold that joinder analysis trumps jurisdictional or venue requirements. In *Smith,* the original defendant was a Florida corporation, and the court tentatively permitted plaintiffs to join an out-of-state defendant based on allegations that their commercial sales activity on the internet crossed state lines, while preserving the question of personal jurisdiction over the out-of-state defendant. *See Smith*, 728 F. Supp. 2d at 1318, 1325. Moreover, the rationale for joining the non-Florida defendant was subsequently limited by *Duncanson v. Wine & Canvas Dev., LLC*, 2015 U.S. Dist. LEXIS 183784, *13 (M.D. Fla. Sep. 25, 2015), where the court held that exercising personal jurisdiction over an Indiana defendant for its online activity was unconstitutional where there was "no explanation for how this event was directed at Florida other than that it simply harmed a Florida resident." Additionally, *King v. Lee County*, 2025 U.S. Dist. LEXIS 36983 (M.D. Fla. Mar. 3, 2025), which Plaintiffs also cite, is inapposite, as none of the defendants, who were based in Florida, contested jurisdiction in Florida, but some of the defendants sought to remand the case from federal to state court.

Finally, with respect to joinder, the cases cited by Plaintiffs do not foreclose the possibility that their claims against Mr. Flaherty may be severed, even if those claims would otherwise be properly joined with the claims against some or all of the other defendants. While the interests of judicial economy may weigh against duplicative litigation, other important policy interests may counsel in favor of severance of Mr. Flaherty's claims to D.C. *See Rolls Royce*, 775 F. 3d. at 680 ("Though we have not squarely addressed the issue, our jurisprudence suggests that the severance inquiry is

different — and more focused on judicial efficiency — when it is combined with a section 1404 motion to transfer than when the severed case would remain in the original judicial district."). In this case, Mr. Flaherty, as a *former* federal official, has a compelling interest in not being haled into a forum to which he has absolutely no contact over allegations made concerning his conduct as a former federal official that occurred outside that forum. That is an interest that Congress obviously sought to promote by only permitting actions against *current* federal officials under 28 U.S.C. § 1391(e), which permits suits against current officials acting under color of law in the district in which plaintiffs reside. *See Stafford v. Briggs*, 444 U.S. 527, 544 (1980). Suits against former officials, however, are governed by the general venue provision, which does not automatically create venue where the plaintiff may reside. *See* 28 U.S.C. § 1391(b). Venue against a former federal official sued in his individual capacity is only proper if any of the three conditions supporting venue under § 1391(b) are satisfied. *See Robertson v. Merola*, 895 F. Supp. 1, 4 (D. D.C. 1995). None of those conditions apply here.

However, notwithstanding that *Rolls Royce* does not preclude severing claims against Mr. Flaherty from this action and transferring them to D.C., should the Court be inclined to keep the claims against Mr. Flaherty in the same action as some or all of the other defendants, Mr. Flaherty would not oppose transfer of the claims against him to the Northern District of California.[1]

In sum, Plaintiffs fail entirely to provide any basis as to why, in the first instance,

---

[1] Mr. Flaherty does not waive any jurisdictional arguments regarding any forum other than D.C. to which the claims against him may be transferred.

5

venue in the Middle District of Florida is the correct venue as to Mr. Flaherty or against any of the moving defendants, and their narrow convenience and efficiency arguments simply cannot sustain maintaining this action in this district.

Dated February 18, 2026

Respectfully submitted,

*/s/ Adam Safwat*

Adam Safwat (admitted *pro hac vice*)
Greg Craig (admitted pro hac vice)
Foley Hoag LLP
1717 K Street, N.W.
Washington, D.C. 20006-5350
(202) 261-7372
asafwat@foleyhoag.com
*Attorney for Robert Flaherty*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

Respectfully submitted,

*/s/ Adam Safwat*

Adam Safwat (admitted *pro hac vice*)
Foley Hoag LLP
1717 K Street, N.W.
Washington, D.C. 20006-5350
(202) 261-7372
asafwat@foleyhoag.com
*Attorney for Robert Flaherty*