**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERIN ELIZABETH FINN, RIZZA ISLAM,
SAYER JI, CHRISTIANE NORTHRUP,
BEN TAPPER and SHERRI
TENPENNY,

        Plaintiffs,

v.                                                                         Case No.: 3:25-cv-543-WWB-MCR

GLOBAL ENGAGEMENT CENTER,
CENTER FOR COUNTERING DIGITAL
HATE, INC, CYBERSECURITY AND
INFRASTRUCTURE SECURITY
AGENCY, ACTING DIRECTOR CISA
BRIDGET BEAN, U.S. DEPARTMENT
OF STATE, SECRETARY OF STATE
MARCO RUBIO, U.S. DEPARTMENT
OF HOMELAND SECURITY,
SECRETARY KRISTI NOEM,
FEDERAL BUREAU OF
INVESTIGATION (FBI), DIRECTOR OF
THE FBI KASH PATEL, FEDERAL
COOMMUNICATIONS COMMISSION,
FCC CHAIRMAN BRENDAN CARR,
PRESIDENT DONALD J. TRUMP,
META PLATFORMS, INC., GOOGLE
LLC, X CORP., ANDREW M. SLAVITT,
ROB FLAHERTY, VIVEK MURTHY,
ELVIS CHAN, IMRAN AHMED and
JOHN/JANE DOES 1-10,[1]

        Defendants.

_____/

**<u>ORDER</u>**

---

[1] Pursuant to the Second Amended Complaint, the United States of America is no longer a named Defendant in this matter and the case style will be amended accordingly.

THIS CAUSE is before the Court on *sua sponte* review of the Second Amended Complaint (Doc. 83).[2]  Based on this Court's review, the Second Amended Complaint is an impermissible shotgun pleading and will be dismissed.

As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).  "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted).  As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*."  *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings.  "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).  The

---

[2] The Second Amended Complaint fails to comply with this Court's January 13, 2021 Standing Order.  This is not the parties' first warning to comply with the Standing Order.  (*See* Doc. 5; Doc. 64 at 1 n.1).  The parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.  The Court will not issue further warnings.

second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiffs' Second Amended Complaint runs afoul of at least the second and fourth categories because it makes vague and conclusory allegations against different classes of Defendants without identifying relevant underlying acts or the Defendants alleged to have taken them. To take just one example, Count I alleges broadly that the Government Defendants "used their influence and coercive power to suppress Plaintiffs' speech by pressuring social media companies to remove or restrict conduct." (Doc. 83, ¶ 93). The Government Defendants are identified in the Second Amended Complaint as the Global Engagement Center, the Center for Countering Digital Hate, Inc., the Cybersecurity and Infrastructure Security Agency and Director Bridget Bean, the U.S. Department of State and Secretary Marco Rubio, the U.S. Department of Homeland Security and Secretary Kristi Noem, the Federal Bureau of Investigation and Director Kash Patel, the Federal Communications Commission and Chairman Brendan Carr, and President Donald J. Trump. (*Id.* ¶ 25 n.1). But Count I fails to describe how any of these Defendants (or their predecessors in office) contributed to the unconstitutionally coercive censorship scheme that Plaintiffs allege. Indeed, only Defendant Rob Flaherty, who is not identified as a

Government Defendant, is individually identified in Count I.  The remainder of Count I's allegations simply assert that the "Government Defendants" engaged in censorship and other coercive actions meant to restrict Plaintiffs' free speech rights.  The most specificity these Defendants are afforded is an allegation that the "White House" engaged in a campaign of policy pressure against the Social Media Defendants.  (*Id.* ¶¶ 95, 101).

More fundamentally, neither the Court nor the parties are assured of just who the "Government Defendants" even are—the classification itself is sowing confusion.  The Center for Countering Digital Hate, Inc. ("**CCDH**") is a nonprofit *non*-governmental organization, as Plaintiffs admit.  (Doc. 83, ¶ 14).  CCDH is, however, classified as a "Government Defendant" in the Second Amended Complaint, and thus it appears that it is a party to Counts I through V.  But perhaps because CCDH is not, in fact, a government entity, or perhaps because no allegations specifically pertaining to CCDH appear in those Counts, CCDH appears confident that "Counts I–V of the [Second] Amended Complaint are not brought against CCDH."  (Doc. 118 at 17).  That confidence may or not be mistaken, but in either event, Plaintiffs have failed to plead claims with clarity sufficient to enable the Defendants to meaningfully respond.

That includes not just the Government Defendants, but the "Social Media Defendants," former government officials sued in their individual capacity, and the "[o]ther [i]ndividuals" named in this action.  (Doc. 83, ¶¶ 26–34).  The Social Media Defendants, for instance, are alleged in Count III to have communally participated in creating "unconstitutional friction" with two of the Plaintiffs' Florida constitutional rights.  (*Id.* ¶ 119 (quotation marks omitted)).  But the underlying acts alleged in Count III all appear to have been taken (again, communally) by the Government Defendants.  And the wholesale

incorporation of Plaintiffs' general allegations of fact is insufficient to fix the problem or provide adequate clarity. *See Durrance v. Deutsche Bank Nat'l Tr. Co.*, No. 3:12-cv-1097-J, 2012 WL 5416950, at *1 (M.D. Fla. Oct. 16, 2012) (striking complaint because "the Court [wa]s faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted"). Likewise, the former government officials are, by the Court's strained reading of the Second Amended Complaint, all subject to one *Bivens* claim for damages, one claim for civil conspiracy, and one claim for tortious interference with a contract. Yet allegations pertaining to the officials are spread throughout the Second Amended Complaint haphazardly to the point that none seem to agree on which claims require a response. (*See generally* Doc. Nos. 112, 119, 124).

The Second Amended Complaint is a shotgun pleading. Plaintiffs have amended their Complaint twice already and will be given a final opportunity to cure its defects. To that end, Plaintiffs would be wise to take note of additional defects Defendants have raised via motion, including standing, personal jurisdiction, immunity, and the sufficiency of the pleaded claims. (*See* Doc. Nos. 112, 116, 118–119, 124–125, 127, 131, 135).[3]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Second Amended Complaint (Doc. 83) is **DISMISSED without prejudice**.

---

[3] The Court makes no ruling at this juncture on the merits of Defendants' arguments. Having taken a preliminary peek at the pending motions, however, it appears that at least some of the arguments have merit, though it is also possible that the noted shortcomings in Plaintiffs' pleading could be corrected.

2. Plaintiffs may file a third amended complaint on or before **March 27, 2026**. Failure to timely file an amended pleading in compliance with this Order, and all other applicable rules and orders, may result in dismissal without further notice.

3. The Clerk is directed to terminate the United States of America as a defendant in this matter and amend the case caption accordingly.

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record