**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERIN ELIZABETH FINN, RIZZA ISLAM,
SAYER JI, CHRISTIANE NORTHRUP,
BEN TAPPER and SHERRI
TENPENNY,

        Plaintiffs,

v.                                                                      Case No.: 3:25-cv-543-WWB-MCR

GLOBAL ENGAGEMENT CENTER,
CENTER FOR COUNTERING DIGITAL
HATE, INC, CYBERSECURITY AND
INFRASTRUCTURE SECURITY
AGENCY, ACTING DIRECTOR OF
CISA BRIDGET BEAN, U.S.
DEPARTMENT OF STATE,
SECRETARY OF STATE MARCO
RUBIO, U.S. DEPARTMENT OF
HOMELAND SECURITY, SECRETARY
OF THE DEPARTMENT OF
HOMELAND SECURITY MARKWAYNE
MULLIN, FEDERAL BUREAU OF
INVESTIGATION, DIRECTOR OF THE
FEDERAL BUREAU OF
INVESTIGATION KASH PATEL,
FEDERAL COMMMUNICATIONS
COMMISSION, FCC CHAIRMAN
BRENDAN CARR, IMRAN AHMED and
JOHN AND JANE DOES 1-10,[1]

        Defendants.

_____/

---

[1] Pursuant to the Third Amended Complaint (Doc. 183), the Clerk is directed to terminate Defendants Vivek Murthy, Elvis Chan, and Andrew M. Slavitt, and to add Secretary of the Department of Homeland Security Markwayne Mullin as a Defendant.

**ORDER**

THIS CAUSE is before the Court on *sua sponte* review of the Third Amended Complaint (Doc. 183). Based on this Court's review, the Third Amended Complaint is an impermissible shotgun pleading and will be dismissed.

Plaintiffs are six individuals with internet followings and business interests tied to health advocacy and alternative medicine. (Doc. 183, ¶¶ 1, 6–12). In 2021, Defendant Center for Countering Digital Hate, Inc. ("**CCDH**"), a non-governmental organization, published its "Disinformation Dozen Report," accusing Plaintiffs and six others of being responsible for "up to 65% of anti-vaccine content online." (*Id.* ¶ 2 (quotation marks omitted)). Plaintiffs allege that the Report spurred "an unprecedented and coordinated censorship campaign orchestrated through the collaboration of government officials, agencies, non-governmental organizations, and social media platforms." (*Id.*). Accordingly, Plaintiffs filed the instant suit seeking damages and declaratory and injunctive relief against CCDH and its CEO, Imran Ahmed, six federal agencies, five federal officers, and ten unidentified persons.[2]

As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon*

---

[2] Pleading deficiencies pertaining to the named Defendants are described further herein, but the Court notes that no allegations pertain to the John and Jane Doe Defendants, who are not named in any cause of action or claim for relief.

*Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted).  As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*."  *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings.  "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).  The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322.  "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."  *Id.* at 1322–23.  "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1323.

The Court dismissed Plaintiffs' Second Amended Complaint as a shotgun pleading because: (1) it made "vague and conclusory allegations against different classes of Defendants"—e.g., the "Government Defendants"—"without identifying relevant underlying acts or the Defendants alleged to have taken them"; (2) the classifications

3

themselves sowed confusion, as "neither the Court nor the parties [were] assured of just who the 'Government Defendants' [were]," and the allegations otherwise obfuscated which counts were brought against which Defendants; and (3) the "wholesale incorporation" of all factual allegations into each count peppered the counts with irrelevant details. (Doc. 176 at 3–5). These deficiencies remain in the Third Amended Complaint, which falls into the second and fourth categories of shotgun pleadings.

First, Counts I and II continue to lodge allegations against the Government Defendants as a class. In part through the maintenance of a "system of records that described how [Plaintiffs'] exercise[d] rights guaranteed by the First Amendment," these Defendants "used their influence and coercive power to suppress the Plaintiffs' speech . . . because of their specific viewpoint," thereby violating Plaintiffs' First Amendment rights and the Violation of Privacy Act of 1974. (Doc. 183, ¶¶ 165–166, 184 (quotation omitted)). But allegations of each Defendant's acts or omissions are non-existent in Count I and limited to one paragraph pertaining to one Defendant in Count II. (*See id.* ¶ 185). Counts I and II otherwise assert that the "Government Defendants" or the "Government Defendants (each and collectively)" engaged in an unconstitutional censorship scheme and the illegal maintenance of records, but the Counts fail to specify which Defendants are responsible for which vaguely defined acts. (*See id.* ¶ 186 (alleging that White House officials used "the Government Defendants' data visualization systems" to pressure "Twitter to censor vaccine skeptic [] Alex Berenson,"[3] *id.* ¶ 191 (alleging that "the Government Defendants systematically collected and contextualized personally

---

[3] No current or former White House officials are parties to this action. Nor is Alex Berenson.

identifiable information (PII) on Plaintiffs")).  These "group allegations . . . fail to give any defendant fair notice of the allegations against it."  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020).

Second, the Government Defendants are identified as the Global Engagement Center ("**GEC**"), the Cybersecurity and Infrastructure Security Agency ("**CISA**"), the Department of Homeland Security ("**DHS**"),[4] the Federal Bureau of Investigation ("**FBI**"), and the Federal Communications Commission ("**FCC**").  (Doc. 183, ¶ 24 n.2). Additionally, while the Department of State and Secretary Marco Rubio are named Defendants, they are not designated as Government Defendants and not named in any specific claim for relief.  (*Id.* ¶¶ 17–18, 24 n.2).  Nor, apparently, are acting CISA Director Bridget Bean, DHS Secretary Markwayne Mullin, FBI Director Kash Patel, and FCC Chairman Brendan Carr.  (*Id.* ¶¶ 16, 20, 22, 24 & n.2).  Apparently, then, five federal officers and one Department are not named as Defendants to any particular cause of action or claim for relief despite being named as parties to the Third Amended Complaint.[5] Additionally, while no Government Defendants are named as parties to Counts III or IV, those Counts still allege apparent (albeit conclusory) violations by the Government Defendants.  (*E.g., id.* ¶¶ 206–207).  Coupled with the collective and undiscriminating

---

[4] Plaintiffs identified "HHS," not "DHS," as a Government Defendant.  (Doc. 1, ¶ 24 n.2)  As the Department of Health and Human Services is not a named Defendant in this action, (*see id.* ¶¶ 13–26), the Court assumes that Plaintiffs intended to identify the Department of Homeland Security as a Government Defendant.

[5] In the "Parties" section of the Third Amended Complaint, Plaintiffs allege that the Department of State retains responsibility for GEC's past actions and legal obligations. (Doc. 1, ¶ 13).  In addition to being a legal conclusion, this allegation is insufficient to name Secretary Rubio and the Department of State as Defendants to Counts I–II.  Nor does it explain which acts or omissions of the GEC, the Department of State, or Secretary Rubio form the basis of Counts I–II.

allegations described above, these deficiencies fail to provide clarification on which Defendants Plaintiffs seek to hold liable, and which acts and omissions Plaintiffs seek to hold them liable for.  This undermines the Court's ability to reach even the threshold jurisdictional issue of whether Plaintiffs have Article III standing to assert their claims and places the Court "in the position of serving as [Plaintiffs'] lawyer in rewriting the complaint into an intelligible document."  *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

Third, Plaintiffs retain the indiscriminate incorporation of all general allegations into each count, leaving Defendants and the Court to sift through the voluminous allegations in an attempt to determine which of the initial sixty pages of allegations actually pertain to each claim.  As previously stated, it is improper to burden the parties and the Court "with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted."  *Durrance v. Deutsche Bank Nat'l Tr. Co.*, No. 3:12-cv-1097-J, 2012 WL 5416950, at *1 (M.D. Fla. Oct. 16, 2012); *see also McNeil v. Alternative Home Fin., Inc.*, No. 2:04-cv-356-FtM, 2006 WL 1151592, at *1 (M.D. Fla. May 1, 2006).  As it stands, however, each count of the Third Amended Complaint incorporates allegations "replete with . . . immaterial facts not obviously connected to [the] particular cause of action" asserted.  *Weiland*, 792 F.3d at 1322.  That is in addition to the immaterial facts alleged within the counts themselves.  (*E.g., id.* ¶ 199(d) (alleging collusion and conspiracy—between two named Defendants, some unidentified Defendants not subject to the claim, and other non-parties—to violate Plaintiff's First Amendment rights in claim for tortious interference with business relationships)).  Consequently, each count "ma[kes] conclusory and convoluted allegations against certain

subsets of the defendants, all the while referring to the same general factual allegations, with no clear connection to, or application of, those allegations." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 663 (11th Cir. 2019).[6]

In sum, the Third Amended Complaint "patently violates Federal Rule of Civil Procedure 8, which requires a plaintiff to plead 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Jackson*, 898 F.3d at 1356 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiffs were specifically warned about the deficiencies outlined above when the Court dismissed the Second Amended Complaint as a shotgun pleading. Plaintiffs were initially given nine days to file an amended pleading and thereafter received an additional fourteen-day extension. (Doc. 176 at 6; Doc. 180). While Plaintiffs dropped certain Defendants, and dropped and amended certain claims, they ignored the Court's warnings and failed to take advantage of their "final opportunity to cure [their shotgun pleading] defects." (Doc. 176 at 5).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Third Amended Complaint (Doc. 183) is **DISMISSED with prejudice**.

2.  The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on July 28, 2026.

---

[6] In *Embree*, this shortcoming placed the complaint into the fourth *Weiland* category. 779 F. App'x at 664. Under the circumstances here, the Court finds that Plaintiffs' incorporation of all general allegations into each count also places the Third Amended Complaint into the second *Weiland* category. *See* 792 F.3d at 1322. Under other circumstances, and perhaps even speaking generally, the incorporation of all general allegations into each count would not automatically result in a complaint that is "replete with conclusory, vague, and immaterial facts," or one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322–23.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

8